**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **CHANCE HOLT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE NO.** |
| | ) | _____ |
| | ) | |
| **THE CITY OF THOMASVILLE,** | ) | **JURY TRIAL DEMANDED** |
| **GEORGIA, a Georgia municipal** | ) | |
| **corporation** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff Chance Holt ("Mr. Holt" or "Plaintiff") hereby files this Complaint against Defendant The City of Thomasville, Georgia ("Defendant" or the "City") for damages and other relief for violations of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (the "ADA").

## JURISDICTION AND VENUE

**1.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**2.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

**3.**

Plaintiff has exhausted all administrative requirements necessary to bring his claims.  Plaintiff filed an EEOC charge related to his ADA claims in this case within 180 days of the ADA-violative conduct at issue.  The EEOC issued its Notice of Right to Sue on June 8, 2022.

**4.**

This action is timely filed with respect to Plaintiff's ADA claims as fewer than 90 days have passed since Plaintiff's receipt of the Notice of Right to Sue for the same.

## THE PARTIES

**5.**

Defendant The City of Thomasville, Georgia is a body politic and municipal corporation located in Thomas County, existing under the laws of the State of Georgia.

**6.**

Plaintiff Chance Holt is a male citizen of the United States and a Georgia resident who was employed as a fireman for Thomasville Fire Rescue ("TFR" or the "Department"), a branch of Defendant's government.

## STATEMENT OF FACTS

**7.**

Mr. Holt began working as a firefighter/EMT for TFR in August 2015.

**8.**

In 2019, after four years of work for the Department and just before he was about to apply for the position of Lieutenant, Mr. Holt herniated a disc in his back while lifting a patient on a medical emergency call.

**9.**

While the pain was not severe immediately after, Mr. Holt could barely move the next morning.  He went to the emergency room where he was given cortisone shots and was sent home.

**10.**

Mr. Holt would be out of work on sick leave until two weeks later when it ran out.

**11.**

At the end of those two weeks, Mr. Holt sought the advice of another doctor, who told him that he should not return to work until further notice.

**12.**

His doctor cleared him to return to work in January 2020, but with restrictions that temporarily prevented him from continuing in his role as a firefighter/EMT.

**13.**

The City placed him in a position within the fire department where he was performing building inspection work related to fire safety.  In this role, he worked full time and was performing necessary and important work.

**14.**

In June 2020, Tara Pearson, the City's risk management officer, informed Mr. Holt that he would no longer be able to work in that role.  Ms. Pearson informed him that he could interview for a building inspection position in the building inspection department but stated that that job would entail a pay cut.

**15.**

Even so, Mr. Holt agreed to interview for the position.  The interview involved a three-day ride along with Mark Harmon, the head of the department.  The City assured him that it would match his salary in the building inspection department if he agreed to transfer.

**16.**

On the following day, to his surprise, the City informed Mr. Holt that he would not be hired into the building inspection role, meaning that his employment with the City was terminated.

**17.**

Mr. Holt asked to apply for any other roughly ten open positions within

the City that he could have performed, but Ms. Pearson told him that he could

not.

**18.**

Since his termination, Mr. Holt has discovered that another employee

who do not have impairments like Mr. Holt who are performing similar work

to that which he had been performing in the building inspection position that

he held from January to June 2020, prior to Ms. Pearson's informing him that

it was no longer available.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

**19.**

Plaintiff incorporates paragraphs 1-18 by reference as if fully set forth

herein.

**20.**

The ADA prohibits employers from discriminating against qualified

individuals with disabilities on the basis of those disabilities.

**21.**

Under the ADA, a person is considered disabled if his employer regards

him as disabled or if he has a physical or mental impairment that substantially

limits one or more major life activities.  Plaintiff was both regarded as disabled

by his employer and suffered from a physical impairment that substantially

limited his ability to perform major life activities, including walking, standing, lifting, and bending.

**22.**

Discrimination under the ADA includes the denial of reasonable accommodations requested by qualified employees for their disabilities.

**23.**

Plaintiff was a qualified individual with a disability during and after his employment with Defendant.

**24.**

Defendant discriminated against Plaintiff by refusing to reasonably accommodate his disability by permitting him to continue work in the building inspection role within TFR.

**25.**

Defendant discriminated against Plaintiff by refusing to allow him to apply for other open positions within the City before terminating him, despite his request to do so.

**26.**

Defendant discriminated against Plaintiff in violation of the ADA by terminating Plaintiff's employment on the basis of his disability.

**27.**

Plaintiff is entitled to all damages permitted by law for Defendant's

actions as described in this count, including but not limited to compensatory damages, back pay, front pay, and attorney's fees and costs.

**WHEREFORE** Plaintiff respectfully requests judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's favor and against Defendant under all claims in this Complaint;

3. Order Defendant to make whole Plaintiff by providing him with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

4. Damages and penalties available under the ADA;

5. Grant Plaintiff reasonable attorney's fees and all other fees and costs associated with this action;

6. Declarative and injunctive relief appropriate to remedy the ADA violations;

7. Prejudgment interest; and

8. Such other and further relief as is just and proper.

This 6th day of September 2022.

/s/ James M. McCabe
James M. McCabe
Georgia Bar No. 724618
S. Graham White
Georgia Bar No. 535538
The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA  30326
Office: (404) 250-3233
Fax: (404) 400-1724
jim@mccabe-lawfirm.com

Attorneys for Plaintiff Chance Holt

8